TOD JAMES SLOAN, Respondent, v. CHARLES F. DWYER, Appellant.

First Department, November 8, 1918.

**Judgments — opening default by plaintiff — insufficient excuse — contumacious acts of attorney.**

Where a plaintiff's attorney, upon the call of a case for trial, asks that it go over the term on the ground that a witness is missing, but refuses to give the name of the witness, and the complaint is dismissed and judgment entered for the defendant, a judge at Special Term has no power to review the action of the trial judge in dismissing the complaint.

A sufficient excuse for opening the default was not shown as it was willful, and the refusal of the attorney to give the name of the witness was contumacious.

APPEAL by the defendant, Charles F. Dwyer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of July, 1918, granting plaintiff's motion to open a default and to vacate the judgment in favor of defendant.

*Philip J. Britt,* for the appellant.

*Thomas H. Keogh,* for the respondent.

PAGE, J.:

This case presents an anomalous situation. The clerk's minutes and judgment merely state that the plaintiff failed to appear and that the complaint was dismissed. If this was in accordance with the facts a judge at Special Term would have the power to vacate the judgment and open the default, but the facts set forth in the affidavits of the attorneys for the plaintiff and defendant substantially agree that what occurred was that the case appeared on the calendar on the third day of June and was marked ready by both sides. On the fourth day of June the case was answered ready by the defendant, and plaintiff's attorney asked that the trial go over to the October term, on the ground that a witness for the plaintiff was missing at that time. The defendant's counsel asked that the plaintiff's attorney should state the name of the witness and the facts that he expected to prove.

The attorney stated that he expected to prove admissions by the defendant and declined to give the name of the witness, and the court then stated that unless the name of the witness was made known he would dismiss the complaint. The plaintiff's attorney said that he would not state the absent witness' name, and thereupon for that reason the complaint was dismissed.

The facts being as stated in the affidavits of the attorney, it is very clear that a judge at Special Term had no power to review the action of the judge at Trial Term. Upon the clerk's minutes and judgment, it appearing merely that the judgment was by the default of the plaintiff in appearing upon the call of the case for trial, then the judge at Special Term would have had the power to have opened the default. Considering the facts stated in the affidavits as a reason for submitting to the default, however, the facts stated by the plaintiff's attorney do not constitute a sufficient excuse therefor, as the default was willful and the action of the attorney was contumacious.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.